IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No.: 7:07-CV-171-BR

| | | |
|---|---|---|
| RODNEY R. HARRELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THE HARTFORD, BRANCH BANKING & TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss plaintiff's Claim II pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has not filed a response to the motion, and the time within which to do so has expired.

In evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). However, the court is not bound by the complaint's legal conclusions. District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085 (4th Cir. 1979).

Plaintiff seeks review of The Hartford's decision terminating plaintiff's short-term disability benefits under a plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (Am. Compl. ¶¶ 7-10.) Plaintiff's second claim is for negligent infliction of emotional distress under North Carolina common law. (Id. ¶¶ 11-12.) Plaintiff alleges The Hartford's decision to terminate his benefits was negligent (if not intentional) and caused him severe emotional distress. (Id. ¶ 12.) Defendants contend that this second claim should be dismissed because ERISA preempts the claim. The court agrees.

As the Fourth Circuit recognizes,

> ERISA preempts state-law claims to the extent they "relate to" any ERISA plan. A state-law claim "relates to" an ERISA plan, hence is preempted, "if it has a connection with or reference to such a plan," so that state common-law tort and contract actions which are "based on alleged improper processing of a claim for benefits under an employee benefit plan" are preempted by ERISA. Applying this analysis, the lower federal courts uniformly have held that state-law claims of intentional infliction of emotional distress which are based on the allegedly wrongful denial or termination of benefits under an ERISA plan are preempted by ERISA.

Stiltner v. Beretta U.S.A. Corp., 74 F.3d 1473, 1480-81 (4th Cir.) (citations omitted), cert. denied, 519 U.S. 810 (1996). Based on his own allegations, plaintiff's claim for negligent infliction of emotional distress centers on The Hartford's allegedly wrongful processing of plaintiff's claim for disability benefits, and the claim is therefore preempted by ERISA. See id. at 1481.

The motion to dismiss is ALLOWED, and plaintiff's Claim II is DISMISSED.

This 19 February 2008.

_____
W. Earl Britt
Senior U.S. District Judge